James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiffs
ERINN DAVIS and ARTHELLE PORTER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ERINN DAVIS, an individual, and ARTHELLE PORTER, an individual, | Case No. 3:14-cv-03477-SC |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, a Delaware Statutory Trust, PATENAUDE & FELIX, A PROFESSIONAL CORPORATION, a California corporation; MICHAEL R. BOULANGER, individually and in his official capacity; and NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation and DOES 1 through 10, inclusive, | 15 United States Code § 1692 *et seq.* California Civil Code § 1788 *et seq.* |
| Defendants. | |
| _____/ | |

Plaintiffs, ERINN DAVIS and ARTHELLE PORTER, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiffs or their attorneys (which are alleged on personal knowledge), hereby make the following allegations:

<u>INTRODUCTION</u>

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by individual consumers for Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) and the Rosenthal FDCPA, California Civil Code § 1788 *et seq.* (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

PARTIES

8. Plaintiff ERINN DAVIS ("Davis") is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Plaintiff ARTHELLE PORTER ("Porter") is a natural person residing in Solano County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10. Defendant NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2 (NCT) is a Delaware statutory trust engaged in the business of collecting debts in this State with its principal place of business located in Delaware. NCT may be served by serving its Registered Agent, Wilmington Trust Company, whose business address is Rodney Square North, 1100 N Market St., Wilmington, DE 19890. Plaintiffs are informed and believe and thereon allege that NCT has no employees or officers but acts only through its servicer or subservicer.

11. Defendant PATENAUDE & FELIX, A PROFESSIONAL CORPORATION (P&F) is a California corporation engaged in the business of collecting debts in this

FIRST AMENDED COMPLAINT

1    State with its principal place of business located in California at 4545 Murphy

2    Canyon Road, 3rd Floor San Diego, CA 92123-4363. P&F may be served by serving

3    its Registered Agent, Raymond Patenaude, whose business address is 4545

4    Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. The principal

5    business of P&F is collection of consumer debts and filing and maintaining civil

6    debt collection lawsuits and obtaining judgments in those cases by utilizing the

7    U.S. Mail, telephone and internet. P&F regularly collects, directly or indirectly,

8    consumer debts it acquires in default (or has treated the debt as if it were in default

9    at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt

10   collection lawsuits. P&F is a "debt collector" within the meaning of 15 U.S.C. §

11   1692a(6) and Cal. Civil Code § 1788.2(c).

12       12. Defendant MICHAEL R. BOULANGER ("BOULANGER") is a natural

13   person and licensed attorney in the State of California and is or was an employee

14   and/or agent of P&F at all relevant times. The principal purpose of BOULANGER's

15   business is the collection of consumer debts due or alleged to be due to another.

16   BOULANGER may be served at his current business address which is 4545

17   Murphy Canyon Road, 3rd Floor San Diego, CA 92123-4363. BOULANGER is

18   engaged in the business of  collection of consumer debts and filing and maintaining

19   civil debt collection lawsuits and obtaining judgments in those cases by utilizing

20   the U.S. Mail, telephone and internet. BOULANGER regularly collects, directly or

21   indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone,

22   internet, and civil debt collection lawsuits. BOULANGER is a "debt collector"

23   within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

24       13. Defendant NCO Financial Systems, Inc. (NCO) is a Pennsylvania

25   corporation, registered with the California Secretary of State with an address of

26   3850 N. Causeway Blvd., Suite 200, Metairie LA 70002. NCO may be served by

27   serving CT Corporation System, 818 West Seventh St., 2d Floor, Los Angeles CA

28   90017. NCO is engaged in the business of collection of consumer debts and hiring

attorneys to file and maintain civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. Plaintiffs are informed and believe and thereon allege that NCO directs and manages litigation on behalf of entities such as NCT, by referring NCT's cases to law firms such as P&F. NCO claims to be the Subservicer on behalf of NCT and similar student loan trusts and claims to be the dedicated custodian of records for the trusts. As such, NCO executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiffs are informed and believe, and thereon allege, that NCO provided information about plaintiffs to P&F which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiffs are informed and believe and thereon allege that NCO provided residence address information to P&F and NCO provided documents to P&F purporting to establish that Plaintiffs were in a Debtor-Creditor relationship with NCT, to ratify and support P&F's attempt to collect consumer debt from Plaintiffs. NCO provided an affidavit signed by one of its employees to be filed in Superior Court for the purpose of obtaining a default judgment against Plaintiffs. NCO regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. NCO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff

1    will seek leave of the Court to replace the fictitious names of these DOE Defendants

2    with their true names when they are discovered by Plaintiff.

3         15. At all relevant times alleged in this Complaint, Defendants, and each of

4    them, were regularly engaged in the business of collecting consumer debts

5    throughout the state of California, including San Francisco County, by assisting the

6    other debt collectors in filing and maintaining civil debt collection lawsuits and in

7    obtaining default judgments in those cases by utilizing the U.S. Mail, telephone

8    and internet.

9         16. Plaintiffs are informed, believe and thereon allege, that each and all of

10   the aforementioned Defendants are responsible in some manner, either by act or

11   omission, strict liability, fraud, deceit, fraudulent concealment, negligence,

12   *respondeat superior*, breach of contract or otherwise, for the occurrences herein

13   alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by

14   the conduct of Defendants.

15        17. Plaintiffs are informed, believe and thereon allege, that at all relevant

16   times alleged in this Complaint, each of the Defendants sued herein was the agent,

17   servant, employer, joint venturer, partner, division, owner, subsidiary, alias,

18   assignee and/or alter-ego of each of the remaining Defendants and was at all times

19   acting within the purpose and scope of such agency, servitude, joint venture,

20   division, ownership, subsidiary, alias, alter-ego, partnership or employment and

21   with the authority, consent, approval and ratification of each remaining Defendant.

22                              **FACTUAL ALLEGATIONS**

23                           The Underlying Alleged Debt

24        18. On a date or dates unknown to Plaintiffs, Plaintiffs are alleged to have

25   incurred a financial obligation, namely a consumer credit account ("the alleged

26   debt"). The alleged debt was incurred primarily for personal, family or household

27   purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5)

28   and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

19. Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was transferred by the original creditor (Bank One, N.A.) and later claimed by an entity known as National Collegiate Student Loan Trust 2004-2, a Delaware statutory trust (hereinafter "NCT").

20. Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Defendants P&F and BOULANGER for collection from Plaintiff.

The <em>NCT v. Davis</em> State Court Complaint

21. On or about April 18, 2012, Defendants filed a lawsuit in the Superior Court of San Francisco County, captioned *National Collegiate Student Loan Trust 2004-2 v. Erinn Davis, Arthelle Porter Davis, et al.*, Case No. CGC-13-520104 ("the *NCT v. Davis* complaint"), which sought to collect $17,702.51 in damages, plus attorney fees and costs of suit from Plaintiffs.

22. A true and accurate copy of the *NCT v. Davis* complaint is attached hereto, marked Exhibit 1, and by this reference is incorporated herein.

23. The *NCT v. Davis* complaint (Exhibit 1) prays for attorney fees in BC-5, however, Plaintiffs are informed and believe and thereon allege that Defendants did not have any admissible evidence that NCT would be entitled to an attorney fee award.

24. The *NCT v. Davis* complaint (Exhibit 1) falsely states that Plaintiff became indebted directly to NCT.

25. In its First Cause of Action, the *NCT v. Davis* complaint (Exhibit 1) falsely states that:

> BC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, A DELAWARE STATUTORY TRUST(S) alleges that on or about (*date*): August 30, 2004 a written agreement was made made between (*name parties to the agreement*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, A DELAWARE

STATUTORY TRUST(S) and ERINN DAVIS, ARTHELLE PORTER DAVIS

The essential terms of the agreement are as follows:

Defendant(s) entered into a written contract with Plaintiff, whereby Plaintiff loaned money to Defendant(s) for the financing of Education expenses.

26. The First Cause of Action, at BC-5, alleges that NCT is entitled to attorney fees pursuant to an agreement or "statue" [sic].

27. At no time has there been a written agreement between Plaintiffs and NCT nor have Plaintiffs breached any written agreement with NCT. Plaintiffs are not aware of any statute pursuant to which NCT would have been entitled to attorney fees.

28. In its Second Cause of Action, the *NCT v. Davis* complaint falsely states that:

CC-1. Plaintiff (*name*): NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, A DELAWARE STATUTORY TRUST(S) alleges that defendant(s) (*name*): ERINN DAVIS, ARTHELLE PORTER DAVIS became indebted to plaintiff:

a. within the last four years

(2) because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff;

b. within the last four years

(6) This cause of action is based upon account number XXXXX4075/001-001000 for the sum by which Defendant has been unjustly enriched by virtue of Defendant receiving monetary or other benefit, by Defendant knowingly requesting the funds at issue and/or accepting the benefits bestowed. It is inequitable for Defendant to retain said benefits without repaying Plaintiff the value thereof.

29. At no time was an account stated in writing between NCT and Plaintiffs nor have Plaintiffs ever agreed that they were indebted to NCT.

30. At no time did Plaintiff ARTHELLE PORTER receive monetary or other benefit, by requesting funds or accepting funds.

31. At no time did Plaintiffs become directly indebted to NCT, as alleged in the *NCT v. Davis* complaint (Exhibit 1).

32. The *NCT v. Davis* complaint (Exhibit 1) fails to identify the original creditor. Plaintiffs are informed and believe and thereon allege that the original creditor was in fact Bank One, N.A. At one point in BC-1 of the First Cause of Action, the complaint (Exhibit 1) alleges that "Plaintiff is the assignee for consideration of this contract," thereby revealing that it was not in fact, the original creditor. However, under the least sophisticated consumer standard, the complaint (Exhibit 1) is confusing and misleading. In any event, the complaint fails to accurately identify the original creditor.

33. Plaintiffs are informed and believe, and thereon allege, that by failing to identify the original creditor in the *NCT v. Davis* complaint (Exhibit 1), defendants made and used false, deceptive, and misleading material representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).[1]

34. Plaintiffs are informed and believe, and thereon allege, that by failing to identify the original creditor in the *NCT v. Davis* complaint (Exhibit 1), defendants used an unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

35. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiffs may seek leave to amend this Complaint to add class allegations at a later date.

---

[1] *Tourgeman v. Collins Financial Services, Inc.*, 2014 WL 2870174 (C.A.9 (Cal.)) (Case No. 12-56783 (June 25, 2014))

36. Plaintiffs are informed and believe, and thereon allege, that the *NCT v. Davis* complaint (Exhibit 1) misrepresented the character, amount and legal status of the alleged debt.

37. The *NCT v. Davis* complaint (Exhibit 1) bears an image of a signature believed to be that of Defendant BOULANGER.

38. Plaintiffs are informed and believe, and thereon allege, that BOULANGER did not conduct a professional review of Plaintiff's account before drafting and filing the the *NCT v. Davis* complaint (Exhibit 1) and sending it to Plaintiff.[2]

39. Plaintiffs are informed and believe, and thereon allege, that the *NCT v. Davis* complaint (Exhibit 1) misrepresented the role and involvement of legal counsel.

40. Plaintiffs are informed and believe, and thereon allege, that the *NCT v. Davis* complaint (Exhibit 1) misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

41. By drafting and filing the *NCT v. Davis* complaint (Exhibit 1), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

42. Defendants sent the summonses and complaints in the *NCT v. Davis* state court lawsuit to be served on both Plaintiffs DAVIS and PORTER at Plaintiff DAVIS' former residence in San Francisco. Plaintiffs are informed and believe that Defendants knew or should have known that the summonses and complaints were not properly served at DAVIS' former residence, for three reasons: (1) because DAVIS no longer lived there; (2) because Plaintiff PORTER never lived there, and (3) because the Proofs of Service of Summons filed by Defendants on May 9, 2012

---

[2]   *See Clomon v. Jackson* (2d Cir. 1993) 988 F.2d 1314 and *Avila v. Rubin* (7th Cir. 1996) 84 F.3d 222, 228-29.

and May 16, 2012 contain significant irregularities which should have put Defendants on notice that Plaintiffs had not actually been served.

43. The Proof of Service of Summons filed by Defendants on May 9, 2012 as to Plaintiff PORTER stated that "ARTHELLE PORTER DAVIS" was served personally. In contrast, the Proof of Service of Summons filed by Defendants on May 16, 2012 as to Plaintiff DAVIS stated that "ERINN DAVIS" was served by substitute service by leaving copies with a *man* named `ARTHELLE "DOE,"` while Plaintiff ARTHELLE PORTER is actually a woman. Plaintiffs are informed and believe and thereon allege that, based on sound and spelling of the first name "Arthelle," that Plaintiff PORTER was a woman and that therefore, Defendants should have known that the Proof of Service of Summons stating that ERINN DAVIS was served by substitute service by leaving copies with a man named Arthelle was false.

44. Plaintiffs are informed and believe and thereon allege that Defendants did not conduct a reasonably diligent search for the residence address of Plaintiff DAVIS.

45. Plaintiffs are informed and believe and thereon allege that Defendants did not conduct a reasonably diligent search for the residence address of Plaintiff PORTER. Plaintiffs are informed and believe and thereon allege that Defendants never had any information suggesting that Plaintiff PORTER ever resided at DAVIS' former residence in San Francisco. However, the Proof of Service of Summons as to Plaintiff PORTER filed May 9, 2012 states that plaintiff PORTER was served at "HOME." A diligent search for the address of Plaintiff PORTER would have yielded information that PORTER had maintained the same residence address in the County of Solano since 2008.

46. On April 2, 2013, Defendants requested and were granted a Default Judgment by the Clerk of the Superior Court. In the Request for Entry of Default, Defendants declared that both DAVIS and PORTER resided at 155 Gardenside

Drive, Apartment 21 in San Francisco. Again, Defendants failed to conduct a reasonably diligent search for the residence addresses of Plaintiffs.[3]

47. At the time the *NCT v. Davis* state court lawsuit was filed in April 2012, neither Plaintiff resided in San Francisco County. In addition, the contract sued upon in the state court lawsuit was not signed by Plaintiffs in San Francisco County.

48. Sometime in July 2013, Plaintiff DAVIS discovered that a lawsuit had been filed against her and that a Judgment had been entered in San Francisco County because Defendants were attempting to garnish DAVIS' wages in the state court action. Upon learning of the state court action, DAVIS filed a Claim of Exemption in an attempt to prevent the wage garnishment. However, DAVIS was not able to set aside the default until she hired the undersigned counsel in February 2014.

49. During February 2014, after hiring counsel and reviewing the documents in the state court file, Plaintiff DAVIS first discovered that the Proofs of Service of Summons on file in the case stated that DAVIS had been served with a copy of the state court Summons, Complaint, Declaration of Venue, Civil Case Cover Sheet and Alternative Dispute Resolution Packet by leaving a copy with Plaintiff PORTER at 155 Gardenside Drive, Apartment 21, San Francisco, California on April 29, 2012. It was also during February 2014 that Plaintiffs DAVIS and PORTER learned that PORTER was named as a defendant in the state court lawsuit, and that there was a judgment against PORTER in the state court lawsuit.

50. In fact, Plaintiff PORTER was not served personally or otherwise with the summons and complaint. PORTER never lived at 155 Gardenside Drive in San Francisco and was not present there on that date. Furthermore, the Proof of

---

[3]   CCP § 587 requires that a declarant conduct a thorough, systematic investigation and inquiry in good faith to locate the proper mailing address of a person against whom a default would be taken. *Slusher v. Durrer* (1977) 69 Cal. App. 3d 747, 755.

Service of Summons as to substitute service of DAVIS describes the person with whom the summons was left as "MALE 48 YRS BLACK HAIR 185 LBS, 5' 10" FATHER..." In fact, on April 29, 2012, PORTER was female, 150 pounds, and five feet five inches tall. Accordingly, Plaintiff DAVIS was never served by substitute service as no copies of the summons and complaint were left with PORTER, and 155 Gardenside Drive was not DAVIS' address at that time.

51. On or about February 18, 2014, Plaintiffs filed a motion to vacate the Entry of Default and Default Judgment that had been entered against Plaintiffs in the state court action based on the Proofs of Service of Summons. The motion was unopposed and the Default Judgment was set aside and vacated on March 20, 2014.

52. Plaintiffs have thus demonstrated through the state court proceeding vacating default judgment that Defendants attempted to collect a debt when plaintiffs had not legally been served. Defendants cannot avoid liability simply by claiming that they hired an independent process server and thus did not "know" that service of process had not been legally effected.[4]

53. Plaintiffs have also demonstrated through the state court proceeding vacating default judgment that Defendants attempted to collect a consumer debt by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resided at the time such proceedings are instituted, or resided at the time the debt was incurred, in violation of Civil Code § 1788.15(b).

54. Because Plaintiffs hired the undersigned attorney to represent them, Plaintiffs thereby incurred actual damages in the form of attorney fees and costs of suit.

---

[4] *Scott v. Kelkris* (E.D. Cal.) 2010 WL 4393274, *4; *Bishop v. Silva* (6th Dist. 1991) 234 Cal. App. 3d 1317, 1322.

55. Defendants' multiple acts of misconduct during the litigation, including filing and prosecuting the complaint which falsely claimed that Plaintiffs had an agreement with NCT, failing to accurately identify the original creditor, seeking to collect a debt which NCT did not have the right to collect, collecting or attempting to collect a consumer debt by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resides at the time such proceedings are instituted, or resided at the time the debt was incurred and using judicial proceedings to collect a debt without service of process, including obtaining a judgment and collecting on the judgment, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[5] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[6]

56. As a result of Defendants' abusive debt collection practices, Plaintiffs have incurred actual damages including costs and attorney fees in an amount to be determined at trial.[7]

57. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

---

[5]     15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[6]
       *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

[7]     *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

CLAIMS

FAIR DEBT COLLECTION PRACTICES ACT

58. Plaintiffs bring the first claim for relief against Defendants P&F, BOULANGER, and NCO under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

59. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

60. Plaintiff ERINN DAVIS is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

61. Plaintiff ARTHELLE PORTER is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

62. Defendant NCO is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

63. Defendant P&F is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

64. Defendant BOULANGER is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

65. The financial obligation sought to be collected from Plaintiffs in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

66. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. falsely representing or implying that attorney BOULANGER had professionally reviewed Plaintiff's account when BOULANGER had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d. falsely representing the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e. misrepresenting the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

f. attempting to collect a nonexistent debt from Plaintiffs, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

g. seeking an award of attorney fees in the *NCT v. Davis* complaint (Exhibit 1) without possessing any evidence of entitlement to an attorney fee award, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1);

h. bringing legal action on a debt in a judicial district other than the one in which the consumer signed the contract sued upon or in which such consumer resides at the commencement of the action, in violation of 15 U.S.C. § 1692i.

67. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

68. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

69. Plaintiffs bring the second claim for relief against Defendants NCT, P&F and NCO under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

70. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

71. Each Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

72. Defendant NCT is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

73. Defendant P&F is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

74. Defendant NCO is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

75. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

76. Defendants NCT, P&F and NCO violated the RFDCPA, California Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.16, 1788.17 and 1788.18(b) by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

c. falsely representing or implying that attorney BOULANGER had professionally reviewed Plaintiff's account when BOULANGER had not done so, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d. falsely representing the role and involvement of legal counsel, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

e. misrepresenting the true source or nature of the communication, in violation of Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

f. attempting to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

g. seeking an award of attorney fees in the *NCT v. Davis* complaint (Exhibit 1) without possessing any evidence of entitlement to an attorney fee award, in violation of Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;

h. use of judicial proceedings to collect a consumer debt without service of process, including obtaining and collecting on a judgment, in violation of Civil Code § 1788.15(a);

i. collecting or attempting to collect a consumer debt by means of judicial proceedings in a county other than the county in which the debtor has incurred the consumer debt or the county in which the debtor resides at the time such proceedings are instituted, or resided at the time the debt was incurred, in violation of Civil Code § 1788.15(b).

77. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiffs to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

78. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

79. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

80. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

81. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

82. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiffs may have under any other provision of law.

<u>REQUEST FOR RELIEF</u>

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants P&F, BOULANGER and NCO violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants NCT, P&F and NCO violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a), 1788.17 and 1788.18(b);

d) Award each Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award each Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award each Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award each Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award each Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

i) Award each Plaintiff such other and further relief as may be just and proper.

FIRST AMENDED COMPLAINT

1

2

3   DATED: October 31, 2014                    /s/ James A. Michel
                                               JAMES A. MICHEL
4                                              State Bar No. 184730
                                               2912 Diamond St #373
5                                              San Francisco CA 94131
                                               Tel. # 415/ 239-4949
6                                              Email: attyjmichel@gmail.com

7                                              Attorney for Plaintiffs
                                               ERINN DAVIS and
8                                              ARTHELLE PORTER

9

10

11

12                         <u>DEMAND FOR JURY TRIAL</u>

13          PLEASE TAKE NOTICE that Plaintiffs ERINN DAVIS and ARTHELLE

14   PORTER hereby demand a trial by jury of all triable issues of fact in the

15   above-captioned case.

16

17

18   DATED: October 31, 2014                    /s/ James A. Michel
                                               JAMES A. MICHEL
19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT